NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30168 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00075-TSZ |
| v. | |
| CHRIS YOUNG YOO, a.k.a. Chris Yoo, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted August 15, 2018[**]

Before:     FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Chris Young Yoo appeals from the district court's judgment and challenges the 108-month sentence imposed following his guilty-plea conviction for one count of wire fraud, in violation of 18 U.S.C. § 1343, and one count of making a false

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

statement to the United States, in violation of 18 U.S.C. § 1001. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.

Yoo contends that the district court violated the Ex Post Facto Clause by applying an amended version of the Sentencing Guidelines that did not go into effect until after his offenses of conviction were complete. The government concedes that we must vacate Yoo's sentence and remand for resentencing. Reviewing de novo, *see United States v. Forrester*, 616 F.3d 929, 934 (9th Cir. 2010), we agree.

The district court improperly concluded that the "the last date of the offense of conviction" occurred after November 1, 2015. *See* U.S.S.G. § 1B1.11 cmt. n.2. The wire fraud offense was "complete when the . . . wire [was] used"—on April 16, 2015. *United States v. Blitz*, 151 F.3d 1002, 1011 (9th Cir. 1998). Yoo's conduct after November 2015—while relevant to the sentencing range within a particular version of the Guidelines—is immaterial to which version applies for ex post facto purposes. *See* U.S.S.G. § 1B1.11 cmt. n.2; *Forrester*, 616 F.3d at 946-48. Because the district court applied a version of the Guidelines that resulted in a higher sentencing range than the version of the Guidelines that applied on the date Yoo's offenses of conviction were complete, we must vacate and remand for resentencing. *See Peugh v. United States*, 569 U.S. 530, 544 (2013); *United States v. Thomsen*, 830 F.3d 1049, 1070-71 (9th Cir. 2016). On remand, the district court

shall apply the 2014 Guidelines.

**VACATED and REMANDED for resentencing.**